CITY OF PLAINFIELD, PROSECUTOR, v. STATE BOARD OF TAX APPEALS ET AL., DEFENDANTS.

Submitted October 1, 1940—Decided June 6, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *William Newcorn*.

For the defendants, *Norman J. Abrams* and *Joseph I. Bedell*.

PER CURIAM.

This writ brings up for review the judgment of the State Board of Tax Appeals which reduced the assessment levied by the City of Plainfield, for the year 1939, on property of Plainfield Plaza, Inc., located in Plainfield and known as Nos. 131-147 Park avenue.

The local assessor assessed the land at $66,700 and the improvements at $23,500, making a total assessment of $90,200, as of October 1st, 1938.

The owner appealed to the Union County Board of Taxation to have the assessment on both land and improvements reduced. At the hearing, the appeal on the improvements was withdrawn. The board dismissed the appeal on the land. Thereupon, an appeal was made to the State Board of Tax Appeals as to the assessment on the land. After hearing, the State Board reduced the assessment on land from $66,700 to $62,500. It is to review this judgment that the writ was allowed.

This matter involves a question of fact. Each party produced one witness before the State Board. Petitioner-defendant produced Hyman Abrams, a real estate expert, who testified to a value of $43,500. He based his opinion on a sale of what he termed comparable land across the street from the land herein involved. The expert for the city valued the land at $93,400.

After the allowance of this writ of *certiorari*, depositions of two witnesses for prosecutor were taken. One was the local assessor, Charles A. Peterson, who assessed the land in question and the other was William G. McDowell, the witness who testified before the State Board.

Peterson testified that the land was reasonably worth $66,700, and that, in his opinion, it was worth fully that sum. McDowell submitted an appraisal in writing of the land and showed how he arrived at his valuation of $93,400. It was further testified that the property, land and building, had been bought by respondent for $82,500. The building on the property at the time of this sale was removed and another building was erected. It was testified that the purchase price really represented land value, in the opinion of the witness.

There is a presumption in favor of the assessment as made by the local authority and the burden is upon the taxpayer to show that the assessment as made does not represent true value. *New Jersey Bell Telephone Co.* v. *City of Newark*, 118 *N. J. L.* 490; *affirmed*, 124 *Id.* 451. See, also, *City of Plainfield* v. *State Board of Tax Appeals et al.*, 126 *Id.* 407. We think that the burden has not been borne by the landowner.

A careful review of the testimony leads to the conclusion that the valuation fixed by the local assessor and affirmed by the County Board should stand, namely, a land valuation of $66,700.

The judgment of the State Board will, therefore, be reversed, but without costs.

